Filed 5/10/16  Roslyn Lane, LLC v. Cave Street Homeowners Assn. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROSLYN LANE, LLC, <br><br> Plaintiff, Cross-defendant and Appellant, <br><br> v. <br><br> CAVE STREET HOMEOWNERS ASSOCIATION, <br><br> Defendant, Cross-complainant and Appellant. | D065134 <br><br><br> (Super. Ct. No. 37-2009-00086868-CU-OR-CTL) |

APPEAL from postjudgment orders of the Superior Court of San Diego County,

Lorna A. Alksne, Judge.  Affirmed.

Wilson Elser Moskowitz Edelman & Dicker and Gregory D. Hagen for Plaintiff,

Cross-defendant and Appellant.

Quade & Associates, Michael W. Quade and Amy Elizabeth Allemann for

Defendant, Cross-complainant and Appellant.

Plaintiff and cross-defendant Roslyn Lane, LLC (Roslyn) appeals a postjudgment

order denying its motion for judgment notwithstanding the verdict (JNOV) after the trial

court entered judgment awarding defendant and cross-complainant Cave Street Homeowners Association (Association) damages in the amount of $161,613.01 on its claim against Roslyn for breach of Association's declaration of covenants, conditions, and restrictions (CC&R's). On appeal, Roslyn contends the trial court erred by denying its JNOV motion because: (1) the evidence is insufficient to support the jury's inclusion of attorney fees as part of Association's costs of collection of Roslyn's unpaid assessments; (2) inclusion of those attorney fees in the damages award improperly results in double recovery by Association and would be inequitable; and (3) Association's special assessments improperly funded its unmeritorious defense of Roslyn's claims.

Association cross-appeals the trial court's postjudgment order denying its motion for an award of its attorney fees and costs incurred in defending Roslyn's claims and prosecuting its cross-claims against Roslyn. Association contends the court abused its discretion by denying its motion because it was the prevailing party in this action.

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Roslyn, owner of a unit in the condominium project managed by Association, filed a complaint against Association alleging causes of action for breach of contract, breach of declaration, declaratory relief, and an accounting. The complaint alleged that Association breached the terms of the CC&R's and a 2005 settlement agreement between them requiring it to make certain repairs and allow certain improvements.

In 2011, Association filed a cross-complaint against Roslyn alleging causes of action for breach of contract and declaratory relief. The cross-complaint alleged that

2

Roslyn had breached the CC&R's by not paying various assessments, dues, and related charges since 2009, and Association had incurred attorney fees and costs in attempting to collect those amounts.

Before trial, Roslyn filed a second amended complaint alleging causes of action for breach of contract, breach of declaration, breach of fiduciary duty, declaratory relief, an accounting, and negligence. Following trial, the jury returned verdicts in favor of Roslyn on its breach of contract and breach of declaration causes of action, awarding it $117,121.60 in damages, and in favor of Association on its breach of declaration cause of action, awarding it a total of $161,613.01 in damages. The parties subsequently filed briefs on their causes of action for declaratory relief.

On August 20, 2013, the trial court entered judgment on the jury verdict and also matters it determined on declaratory relief. The court denied Association's request for declaratory relief and granted in part and denied in part Roslyn's requests for declaratory relief. The court subsequently denied Roslyn's motions for new trial and JNOV.

Association filed a motion for an award of attorney fees pursuant to Civil Code section 1717 and former Civil Code section 1354, asserting it was the prevailing party in the action.[1] The trial court denied Association's motion, finding there was no prevailing party in the action.

---

[1]    Roslyn also apparently filed a motion for an award of attorney fees, but the parties have not included its moving papers in the record on appeal. Because Roslyn does not challenge on appeal the court's denial of its attorney fee motion, we need not, and do not, address whether the court erred in denying that motion.

3

Roslyn timely filed an amended notice of appeal challenging the order denying its JNOV motion.  Association timely filed a notice of appeal challenging the order denying its attorney fees motion.

DISCUSSION

*ROSLYN'S APPEAL*

I

*JNOV Standard of Review*

"A trial court must render judgment notwithstanding the verdict whenever a motion for a directed verdict for the aggrieved party should have been granted.  (Code Civ. Proc., § 629.)  A motion for judgment notwithstanding the verdict may be granted only if it appears from the evidence, viewed in the light most favorable to the party securing the verdict, that there is no substantial evidence in support [of the verdict]." (*Sweatman v. Department of Veteran Affairs* (2001) 25 Cal.4th 62, 68 (*Sweatman*).)

"The trial court's discretion in granting a motion for [JNOV] is severely limited." (*Teitel v. First Los Angeles Bank* (1991) 231 Cal.App.3d 1593, 1603.)  " 'The trial judge's power to grant a [JNOV] is identical to his [or her] power to grant a directed verdict [citations].  The trial judge cannot reweigh the evidence [citation], or judge the credibility of witnesses.  [Citation.] . . .  "A motion for [JNOV] may properly be granted only if it appears from the evidence, viewed in the light most favorable to the party securing the verdict, that there is no substantial evidence to support the verdict.  If there is any substantial evidence, or reasonable inferences to be drawn therefrom, in support of the

4

verdict, the motion should be denied." [Citation.]' " (*Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 877-878.)

In reviewing a trial court's grant of a motion for JNOV, we apply the same standard as the trial court was charged with applying. (*Sweatman*, *supra*, 25 Cal.4th at p. 68.) "As in the trial court, the [appellate] standard of review is whether any substantial evidence—contradicted or uncontradicted—supports the jury's conclusion." (*Ibid.*) "In other words, we apply the substantial evidence test to the jury verdict, ignoring the judgment." (*Hasson v. Ford Motor Co.* (1977) 19 Cal.3d 530, 546.) We resolve all conflicts in the evidence and draw all reasonable inferences therefrom in favor of the jury's verdict. (*Teitel v. First Los Angeles Bank*, *supra*, 231 Cal.App.3d at p. 1603; *In re Coordinated Latex Glove Litigation* (2002) 99 Cal.App.4th 594, 606.) Substantial evidence is not synonymous with any evidence, but is evidence of ponderable legal significance that is reasonable, credible, and of solid value. (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651.) The testimony of a single witness may be sufficient. (*Hope v. California Youth Authority* (2005) 134 Cal.App.4th 577, 589.)

II

*Denial of Roslyn's JNOV Motion*

Roslyn contends the trial court erred by denying its JNOV motion. It argues: (1) the evidence is insufficient to support the jury's inclusion of attorney fees as part of Association's costs of collection of Roslyn's unpaid assessments; (2) inclusion of those attorney fees in the damages award improperly results in double recovery by Association

5

and would be inequitable; and (3) Association's special assessments improperly funded its unmeritorious defense of Roslyn's claims.

A

After entry of the judgment, Roslyn filed a motion for JNOV on the ground Association did not present substantial evidence to support the elements of its cross-claim against it. Roslyn argued the evidence was insufficient to support that portion of the damages award representing unpaid special assessments and attorney fees as costs of collection of unpaid assessments. It did not dispute that portion of the damages award representing unpaid regular assessments. Roslyn argued the evidence presented by Association in support of its claim for attorney fees as costs of collection was insufficient. Although Stephen Jones, an employee of APS (Association's management company), testified he received and presented to the Association for its approval bills from a law firm, Roslyn argued he was not an attorney and could not provide expert opinion testimony regarding the reasonableness of those fees. Likewise, although Georgeanne Marston, Association's secretary and treasurer, testified she was responsible for approving Association's bills, had approved various bills from a law firm, and believed those attorney fees, in her lay opinion, were reasonable, Roslyn argued she also was not an attorney and could not provide expert opinion testimony regarding the reasonableness of those fees. Roslyn cited Association's collections policy, which states it can collect only reasonable costs of collection, including attorney fees, and argued those attorney fees must therefore be both related to its collection efforts and reasonable. Roslyn also argued inclusion of attorney fees as part of the damages award would give

Association a double recovery and violate the doctrine of unclean hands because Association imposed special assessments on its members, including Roslyn, to fund its defense of Roslyn's action against it. Finally, Roslyn argued it would be improper to allow Association to impose special assessments to fund its unmeritorious defense of Roslyn's claims against it because Association had received defense funding from insurance carriers.

Association opposed Roslyn's JNOV motion, arguing that any unpaid assessments levied by its board of governors would, under the CC&R's and its collections policy, become delinquent after 10 days and remain delinquent until all costs, including attorney fees, are fully paid or otherwise satisfied. Association's collections policy allows the Association to collect the reasonable costs of collection, including attorney fees, for any amounts due it. Association further argued that it presented evidence at trial showing the amount and reasonableness of the attorney fees portion of the collection costs it sought against Roslyn. Two statements of accounts were admitted showing the amount of attorney fees incurred by Association. Marston, Association's secretary and treasurer, testified she received statements for attorney fees incurred in Association's efforts to collect Roslyn's unpaid assessments. She further testified that, in her lay opinion, she believed those fees were reasonable. Jones, APS's account representative, testified he reviewed the attorney fee statements and determined they were reasonable. Association argued that it presented evidence on the amounts of regular assessments, special assessments, collection costs, and fees Roslyn had not paid and was obligated to pay under the CC&R's and the collections policy.

Association also argued there was substantial evidence to support the special assessments portion of the jury's damages award. Association presented evidence showing that under the CC&R's it had the power to impose, and its members approved, special assessments to pay for its needs and expenses. Association also argued there was no evidence showing it received any double recovery of its damages. Although one of its insurers paid it $137,133 for prior legal costs incurred, Association's board of governors set aside the same amount in a reserve account toward future costs and had since fully expended that amount. Association also argued Roslyn could not assert any equitable defense (e.g., unclean hands) because Roslyn had a duty under the CC&R's to pay the unpaid assessments and collection costs and did not present any evidence that those assessments were imposed for an improper purpose. It also disputed Roslyn's characterization of Association's defense of Roslyn's claims against it as unmeritorious.

In its reply, Roslyn argued that Association's evidence was insufficient to prove the attorney fees portion of the damages award was both reasonable and necessary to collect its unpaid assessments. Roslyn argued Association should have presented testimony by the attorney who provided those legal services regarding the necessity and reasonableness of his or her fees.

The trial court issued a minute order denying Roslyn's JNOV motion, stating Roslyn did not show there was no substantial evidence to support the jury's verdict. The court rejected Roslyn's arguments regarding unclean hands and double recovery.

8

B

*Substantial evidence*.  Based on our review of the record, we conclude there is substantial evidence to support the jury's award of attorney fees as part of Association's costs of collection of Roslyn's unpaid assessments.  The evidence shows that after Roslyn stopped paying assessments when they were due, Association took action to collect those unpaid assessments as provided in the CC&R's and its collections policy and, in so doing, incurred collection costs, including attorney fees.  The CC&R's provide that in the event any assessment levied by Association's board of governors remains unpaid for 10 days after payment is due, it remains delinquent until that amount, "together with all costs, including attorney's fees, penalties and interest," is fully paid.  Under Association's collections policy, Association is entitled to recover its reasonable costs of collection, including attorney fees, if a lawsuit is filed to recover unpaid assessments.  That policy states: "The Association is entitled to collect all of the following as *reasonable costs of collection*: interest, late fees, collection expenses, administration fees, *attorney's fees*, reimbursement assessments or any other amounts due to the Association."  (Italics added.)  As Association asserts, its collections policy requires the overall costs of collection to be reasonable.  The policy further provides that attorney fees are a reasonable cost of collection.  Therefore, on admission of evidence showing Association incurred attorney fees in collecting Roslyn's unpaid assessments, the actual amount of those fees are deemed "reasonable costs of collection" to which Association is entitled to recover along with the unpaid assessments.

9

Assuming arguendo, as Roslyn asserts, that Association's collections policy should be interpreted as requiring attorney fees incurred in collecting unpaid assessments to be "reasonable," we nevertheless conclude Association presented substantial evidence to support a finding the attorney fees it incurred in collecting unpaid assessments from Roslyn were "reasonable." Association submitted two statements from APS, its management company, showing Roslyn's account history, including the dates and amounts of legal fees Association incurred in attempting to collect Roslyn's unpaid assessments. Marston testified the attorney fees shown on Roslyn's statement of account history were incurred in representing Association in Roslyn's bankruptcy proceeding and that she received, reviewed, and approved the attorneys' bills and sent them to APS for approval and payment. She testified that, in her lay opinion, she believed the attorney fees shown on those statements were reasonable. She further testified that if she found any attorney fees were unrelated to Roslyn, she would contact the law firm and discuss the matter, implying Roslyn would not be charged for those fees. Jones testified that, as APS's account representative for Association, he also reviewed the charges by attorneys to determine whether they should, or could, reasonably be added to the amount owed by a member. There is substantial evidence to support a finding the attorney fees incurred by Association to collect Roslyn's unpaid assessments were reasonable.

Although Roslyn asserts expert witness testimony was required to show those attorney fees were reasonable, it does not cite any apposite case holding attorney fees incurred to collect amounts due under a contract (e.g., CC&R's) cannot be recovered as contract damages unless there is expert witness testimony regarding the reasonableness of

10

those fees. *Hart v. Vidal* (1856) 6 Cal. 56 and *California Steel Buildings, Inc. v. Transport Indemnity Co.* (1966) 242 Cal.App.2d 749, cited by Roslyn, are factually and procedurally inapposite to this case. *California Steel Buildings* held that the trial court erred by admitting a bill for legal services rendered in defending the plaintiff in a prior lawsuit, concluding there was a lack of authentication because the witness who proffered the foundation for admission of that bill was incompetent to testify regarding the actual work performed. (*California Steel Buildings,* at pp. 759-760.) In contrast, in this case the two statements of account history for Roslyn were admitted without any objection regarding their authentication or otherwise. The evidence showed Association incurred, and paid, the attorney fees shown on those two statements and that those fees had been reviewed by both Association and its management company and then properly allocated to Roslyn. Accordingly, Roslyn has not carried its burden on appeal to show that when attorney fees are a component of requested contract damages, the claimant must, unlike for other types of contract damages, present expert witness testimony regarding the necessity and reasonableness of those fees. Roslyn has not shown the evidence is insufficient to support the jury's award of attorney fees incurred by Association as costs in collecting Roslyn's unpaid assessments pursuant to the CC&R's and the collections policy.[2]

---

[2]    Because we dispose of Roslyn's argument on the above ground, we need not address its additional argument comparing awards of attorney fees as a component of contract damages to awards of attorney fees as costs.

11

C

*Double recovery and unclean hands*. Roslyn asserts that the portion of the jury's award of unpaid special assessments for the purpose of paying Association's attorney fees should be reversed on the ground that the award of those fees gave Association an improper "double recovery" and/or violated the equitable defense of "unclean hands." We disagree.

Regarding its assertion of double recovery, Roslyn argues that to the extent Association imposed special assessments to fund its defense of Roslyn's action against it, those special assessments should not have been imposed because Association received insurance payments to cover those defense expenses. However, Roslyn did not present any evidence at trial showing the nature and amount of those insurance payments or that any of the special assessments were otherwise improper. Furthermore, although Roslyn submitted some evidence of those insurance payments in support of its JNOV motion, other evidence it submitted showed that Association set aside the full amount of the payments in a reserve account for legal costs, which account had already been depleted.[3] The record shows the $137,133 amount paid by the insurance company was already spent

_____

[3]     A note to Association's financial statements for the year ended June 30, 2013, stated in part: "The Association continues to be involved in protracted litigation with an owner. . . . [¶] In addition, the Association is involved in litigation against its insurers for their directors and officers coverage. Two of the general liability carriers for the Association have agreed to participate in the Association's defense, subject to a reservation of rights. [¶] During the year ending June 30, 2012[,] one of the insurers paid to the Association the amount of $137,133 in respect to prior legal costs incurred. The Association's board of directors set aside the $137,133 in a reserve account to absorb future legal costs. At June 30, 2013[,] this amount has been fully expended."

12

by Association for additional legal costs and, in so doing, presumably avoided the need to impose another special assessment in that amount to pay for its legal costs. Roslyn has not carried its burden on appeal to show Association received an improper double recovery.

Regarding its assertion of unclean hands, Roslyn argues Association acted unconscionably when it imposed special assessments on Roslyn (along with all other Association members) to pay for its unmeritorious defense of Roslyn's action for breach of the CC&R's and the settlement agreement. However, as Association notes, the equitable defense of unclean hands is *not* a ground for a JNOV motion. Rather, the *only* ground for a JNOV motion is insufficiency of the evidence to support the verdict. "A trial court must render judgment notwithstanding the verdict whenever a motion for a directed verdict for the aggrieved party should have been granted. (Code Civ. Proc., § 629.) A motion for judgment notwithstanding the verdict may be granted only if it appears from the evidence, viewed in the light most favorable to the party securing the verdict, that there is no substantial evidence in support [of the verdict]." (*Sweatman, supra*, 25 Cal.4th at p. 68.) Roslyn does not cite to the record showing it presented evidence of Association's alleged unclean hands and does not show the evidence is insufficient to support the jury's verdict because of that purported evidence. Roslyn has not carried its burden on appeal to show the trial court erred by denying its JNOV motion because of Association's purported unclean hands.

D

Finally, Roslyn argues the trial court erred by denying its JNOV motion because the jury's award of attorney fees as a component of contract damages should be reversed because those fees were incurred to pay for Association's unmeritorious defense of Roslyn's action against it. We disagree. Under the CC&R's, Association can impose special assessments on its members to pay for its costs, whether those costs are incurred for the defense of lawsuits against it or otherwise. Therefore, Roslyn, as a member/homeowner of a unit, and all other members/homeowners were required to pay when due all special assessments imposed by Association, including any special assessments to help pay for its costs in this action. Roslyn is not exempted from payment of a special assessment imposed by Association simply because its lawsuit caused Association to incur legal costs in defending that lawsuit, whether such defense is deemed "meritorious" or "unmeritorious."

Furthermore, as with the equitable defense of unclean hands discussed above, Roslyn's argument that it should not have to pay a special assessment imposed to help fund Association's defense of its lawsuit against Association is, in effect, an equitable argument or defense and, as such, is not a ground on which the trial court could grant Roslyn's JNOV motion. (*Sweatman*, *supra*, 25 Cal.4th at p. 68.) In any event, based on our review of the record, we disagree with Roslyn's assertion that Association's defense of its action was "unmeritorious." As discussed in more detail below regarding Association's cross-appeal, Roslyn recovered only about one-sixth of the damages it sought and did not obtain all of the declaratory relief it sought. Therefore, there was at

14

least some merit to its defense of Roslyn's action.  The court did not err by denying Roslyn's JNOV motion.

III

*Awards of Attorney Fees to Prevailing Parties Generally*

" ' " 'An order granting or denying an award of attorney fees is generally reviewed under an abuse of discretion standard of review; however, the "determination of whether the criteria for an award of attorney fees and costs have been met is a question of law." [Citations.]' " ' [Citation.]  An issue of law concerning entitlement to attorney fees is reviewed de novo."  (*Carpenter & Zuckerman, LLP v. Cohen* (2011) 195 Cal.App.4th 373, 378.)

"Code of Civil Procedure section 1021 provides the basic right to an award of attorney fees."  (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341.) Code of Civil Procedure section 1021 provides that, in general, "the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ."  However, "[t]here is nothing in [Code of Civil Procedure section 1021] that limits its application to contract actions alone.  It is quite clear . . . that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract."  (*Xuereb*, at p. 1341.)

Furthermore, Civil Code section 1717 provides for reciprocity of contractual attorney fee provisions, stating:

15

"(a)  In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.  [¶]  Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract . . . . [¶] . . . [¶]

"(b)(1)  The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section . . . .  [T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.  The court may also determine that there is no party prevailing on the contract for purposes of this section."

"[Civil Code] section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy . . . ."  (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 611 (*Santisas*).)

The limited purpose of Civil Code section 1717 is to establish mutuality of remedy and is triggered when there is a unilateral contractual provision that provides attorney fees are available to only one of the contracting parties.  (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 870 (*Hsu*).)  Civil Code section 1717 is not an independent statutory basis for recovering attorney fees (*Chelios v. Kaye* (1990) 219 Cal.App.3d 75, 79), but instead "simply transforms a unilateral contractual right into a reciprocal right."  (*Hambrose Reserve, Ltd. v. Faitz* (1992) 9 Cal.App.4th 129, 132.)  "Civil Code section 1717 has a limited application.  It covers *only* contract actions, where the theory of the case is breach of contract, and where the contract sued upon itself specifically provides for an award of

16

attorney fees incurred to enforce *that* contract." (*Xuereb v. Marcus & Millichap, Inc.*, *supra*, 3 Cal.App.4th at p. 1342.)

Civil Code section 5975 (former Civ. Code, § 1354) also provides for awards of attorney fees and costs to prevailing parties in actions to enforce declarations of covenants, conditions, and restrictions or other governing documents of homeowners associations.[4] That statute provides:

> "(a)  The covenants and restrictions in the declaration shall be enforceable equitable servitudes, unless unreasonable, and shall inure to the benefit of and bind all owners of separate interests in the development.  Unless the declaration states otherwise, these servitudes may be enforced by any owner of a separate interest or by the association, or by both.
>
> "(b)  A governing document other than the declaration may be enforced by the association against an owner of a separate interest or by an owner of a separate interest against the association.
>
> "(c)  *In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs*."  (Civ. Code, § 5975, italics added.)

In determining which party, if any, was the prevailing party in an action on a contract or to enforce the governing documents of a homeowners association, a trial court compares the relief awarded to each party to the relief sought by each party.  "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance,

---

4    Association erroneously cites former Civil Code section 1354 as a basis for an award to it of attorney fees as the prevailing party.  It should, instead, have cited that statute's successor, Civil Code section 5975.

17

neither party prevailed sufficiently to justify an award of attorney fees." (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109.) "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." (*Hsu, supra,* 9 Cal.4th at p. 876.)

"If . . . the contract allows the prevailing party to recover attorney fees but does not define 'prevailing party' or expressly either authorize or bar recovery of attorney fees in the event an action is dismissed, a court may base its attorney fees decision on a *pragmatic* definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise." (*Santisas*, *supra*, 17 Cal.4th at p. 622, italics added.) In assessing litigation success, courts should respect substance rather than form and, to that extent, be guided by equitable considerations. (*Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146, 1156; *Castro v. Superior Court* (2004) 116 Cal.App.4th 1010, 1019.)

The same standards for determining prevailing parties under Civil Code section 1717 and contract actions apply to actions to enforce the governing documents of homeowners associations under Civil Code section 5975. (*Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1572-1574 [regarding former Civ. Code, § 1354].) In determining which party, if any, prevailed in an action, a court considers which party prevailed "as a practical matter." (*Id*. at p. 1574.) A trial court's

18

determination of which party is the prevailing party must be affirmed on appeal absent an abuse of its discretion. (*Ibid*.)

## IV

### *Trial Court's Denial of Association's Attorney Fees Motion*

Association contends in its cross-appeal that the trial court abused its discretion by denying its motion for an award of attorney fees and costs because it clearly was the prevailing party in the action.

### A

Following entry of the judgment in the instant action, Association filed a motion for an award of $1,666,203.80 in attorney fees pursuant to Civil Code section 1717 and former Civil Code section 1354 (now Civ. Code, § 5975), asserting it was the prevailing party in the action. Association argued that because it was awarded $161,613.01 in damages on its cross-complaint and Roslyn was awarded only $117,121.60 in damages, Association clearly received the net monetary recovery. Association argued it also received the greater equitable relief. It argued that Roslyn did not receive most of the declaratory relief it sought in its trial brief on declaratory relief. On the main issue of the location of air conditioning units, Roslyn sought declaratory relief that it could install two 38 QRC units on the building's roof, but the court denied that request. The court ordered instead that Roslyn must place units on the driveway side (presumably at ground level), but if Roslyn could not locate units with a lesser width than the 38 QRC unit, it could locate the units on the pedestrian walkway side. Association argued Roslyn therefore received nothing more than it already had pursuant to the 2005 settlement agreement. On

19

Roslyn's request for relief ordering Association to add insulation to the roof and obtain final approval from the City of San Diego for a re-roofing permit, Association argued the court denied the request to require it to add insulation and merely ordered it to allow a final inspection of the roof for issuance of a permit. Also, the court denied Roslyn's requests for orders directing Association to re-slope the roof (or, at least, install a copper gutter) and to repair and install flashing. Finally, Association argued the court denied, for the most part, Roslyn's request for an order directing it to accept and approve Roslyn's plan per its trial exhibit because Association had not disputed most of the changes set forth in those plans and the court required Roslyn to redraw and resubmit its plans to the City of San Diego. Association argued that, on a practical level, Roslyn received very little of the equitable relief it sought.

In opposition to Association's motion for an award of attorney fees, Roslyn argued it obtained the greater relief on the contract action. Although Association obtained $44,491.41 more in monetary relief, Roslyn argued it obtained substantial repairs to its windows, which repairs involved substantial costs to Association. Roslyn also argued it obtained the greater equitable relief. Roslyn noted Association was found to have breached the CC&R's and the 2005 settlement agreement, forced to repair windows, flashing, and siding, and forced to approve Roslyn's plans. Association was also forced to approve roof repairs made in 2007 and allow Roslyn to place air conditioning units in a location other than in front of the building. Roslyn also argued Association achieved little of its litigation objectives. Association's trial brief asked the trial court to deny all of Roslyn's requested relief. The court, however, denied Association's request that

20

Roslyn be forced to place air conditioning units in the front of the building or, alternatively, inside its unit. Roslyn argued that because neither party fully achieved its litigation objectives, Association had not met its burden to show it was the prevailing party for purposes of an award of contractual attorney fees.

In reply, Association argued Roslyn obtained only $117,121.60, or about 15 percent, of the total damages of over $750,000 it sought. Association disagreed that Roslyn obtained window repairs under the CC&R's, because the 2005 settlement agreement did not contain an attorney fee provision and the CC&R's did not obligate the Association to replace windows with tempered glass. Association also argued the window repair issue was only a minor portion of the instant case. Association further argued it prevailed on the air conditioning unit issue because it prevented Roslyn from installing air conditioning units on the building's roof. Also, the court awarded Roslyn only relief to which it was already entitled under the 2005 settlement agreement (i.e., location of the air conditioning units on the driveway side). Association also argued it prevailed on the issues of approval of Roslyn's plans and request for re-roofing and roof insulation. Comparing the parties' litigation objectives with what they obtained at trial, Association argued it clearly was the prevailing party and was entitled to an award of its attorney fees.

The trial court denied Association's motion for an award of attorney fees, finding there was no prevailing party in the action. The court stated in part:

> "Taking into consideration the parties' arguments, pleadings, trial
> briefs, and trial arguments and evidence, neither party fully achieved
> their litigation objectives. [Roslyn] sought both financial damages

21

and equitable relief. In terms of the former, [Roslyn] sought approximately six times the amount ultimately awarded by the jury. As for the latter, [Roslyn] obtained several declaratory relief victories, but not all requested. [Association] sought and obtained financial damages but was also found to have violated the CC&Rs and has been ordered to accommodate several of [Roslyn's] architectural objectives. Considering the entirety of the parties' litigation objectives, and the circumstances present in this case that has been litigated for several years, the Court concludes that, on a practical level, there is no prevailing party for purposes of attorneys' fees."

Furthermore, because it found there was no prevailing party, the court granted the parties' competing motions to strike the other party's request for costs.

B

Based on our review of the record, we conclude Association has not carried its burden on appeal to show the trial court abused its discretion by denying its motion for an award of attorney fees by finding there was no prevailing party in this action. Both the CC&R's and Civil Code section 5975 provide for an award of attorney fees to the prevailing party in litigation to enforce the CC&R's.[5] Nevertheless, the court properly considered the litigation objectives of the parties, both monetary and equitable, and the relief they obtained at trial, and reasonably concluded neither party prevailed for purposes of an award of contractual or statutory attorney fees. The court could conclude Roslyn obtained relief that included a finding Association breached the CC&R's and the 2005 settlement agreement and orders directing Association to repair Roslyn's windows

---

[5]     Section 25 of the CC&R's provides that the prevailing party "shall be entitled to costs of suit and such attorney's fees as the Court may adjudge reasonable and proper."

22

(at substantial cost), approve its plans and roof repairs previously made, and allow air conditioning units at a location other than in front of the building. The court could also conclude that, in comparison, Association did not obtain most of its litigation objectives. In particular, although Association sought to force Roslyn to locate air conditioning units either inside its unit or in front of the building, the court instead granted Roslyn relief requiring Association to allow it to locate the units on the driveway side (or, if sufficiently narrow units were unavailable, on the pedestrian walkway side). There is nothing in the record showing the court acted irrationally, arbitrarily, or otherwise abused its discretion by finding neither party prevailed, as a practical matter, for purposes of an award of contractual or statutory attorney fees.

By citing each specific litigation objective of each party and the party's success or lack of success in achieving that objective, Association, in effect, asks us to conduct a de novo, or independent, review of its motion for an award of attorney fees and, in particular, determine which party was the prevailing party. However, that is not our function on appeal. Rather, in applying the abuse of discretion standard of review, we must "resolve all evidentiary conflicts in favor of the judgment and determine whether the court's decision ' "falls within the permissible range of options set by the legal criteria." ' " (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 771.) Therefore, even were we to disagree with the trial court's conclusion on an independent weighing of the evidence, we cannot substitute our judgment for that of the trial court and must affirm its ruling absent a showing the court abused its discretion. (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 881-882.) Based on that standard of review, we conclude

23

Association has not carried its burden to show the trial court acted outside the bounds of reason by concluding neither party prevailed in this action for purposes of an award of contractual or statutory attorney fees.  Rather, the record supports our conclusion that the court properly compared the litigation objectives of each party with what relief each party obtained and did not abuse its discretion by finding, as a practical or pragmatic matter, that neither party prevailed.  (*Scott Co. v. Blount, Inc.*, *supra*, 20 Cal.4th at p. 1109; *Hsu*, *supra*, 9 Cal.4th at p. 876; *Santisas*, *supra*, 17 Cal.4th at p. 622; *Carpenter & Zuckerman, LLP v. Cohen*, *supra*, 195 Cal.App.4th at p. 378.)  None of the cases cited by Association are factually apposite to this case or otherwise persuade us to reach a contrary conclusion. (See, e.g., *Salehi v. Surfside III Condominium Owners Assn.*, *supra*, 200 Cal.App.4th 1146; *Heather Farms Homeowners Assn. v. Robinson*, *supra*, 21 Cal.App.4th 1568.)

### DISPOSITION

The postjudgment orders denying Roslyn's JNOV motion and denying Association's motion for an award of attorney fees are affirmed.  The parties are to bear their own costs on appeal.

_____

McDONALD, J.

WE CONCUR:


_____

NARES, Acting P. J.


_____

HALLER, J.

24